

**JOHN M. GATTI**
Partner

10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067

**Direct**    310.282.2122
**Main**     310.282.2000
**Fax**       310.282.2200
jgatti@loeb.com

VIA ECF

January 29, 2024

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

**Re:**   *International Alliance of Theatrical Stage Employees (I.A.T.S.E.), et al. v. That's Amore Movie, LLC*, **Case No. 23-cv-10731 (JMF)**

Dear Honorable Furman:

I represent Defendant That's Amore Movie, LLC ("Amore") in the above-referenced action brought by Plaintiffs International Alliance of Theatrical Stage Employees (I.A.T.S.E.), Local 600, International Cinematographers Guild, Local 700, Motion Picture Editors Guild, Local 161, Script Supervisors, Production Coordinators, and Accountants, Local 798, Make-Up Artists and Hair Stylists, Local 764, Theatrical Wardrobe Union, Local 52, Motion Picture Studio Mechanics, and United Scenic Artists, Local USA 829 (collectively, "Plaintiffs").

On or about December 20, 2023, Your Honor granted Plaintiffs' Letter Motion to Seal the parties' Mutual General Release and Settlement Agreement ("Settlement Agreement"), which was fully executed by the parties on August 18, 2023 ("Sealing Order").  (Dkt. 10.)  Defendant agreed with the sealing of the Settlement Agreement.

Pursuant to the Sealing Order and Your Honor's Individual Rule of Practice 7, Amore requests leave to file under seal certain *limited* portions of its Opposition to Plaintiffs' Petition to Confirm Arbitration Award and Application for Attorneys' Fees and Costs ("Opposition") and the Declaration of John M. Gatti in Support Thereof.  Amore seeks to quote directly from portions of the Settlement Agreement in support of its Opposition and request the Court's permission to file it under seal given the confidentiality clause contained therein and the Court's prior Sealing Order.

Counsel for Plaintiffs has been informed of Amore's request and has not indicated any opposition.  In keeping with Your Honor's Individual Rule of Practice 7.B and 7.C., the unredacted version of the filings have been contemporaneously filed under seal on ECF with the appropriate level of restriction and electronically related to the motion.

Amore recognizes that "the public has a common-law right of access to judicial records," *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997), which is "at its strongest when the document in question, as here, has been submitted as a basis for judicial

Los Angeles    New York    Chicago    Nashville    Washington, DC    San Francisco    Beijing    Hong Kong    www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

238275710.1



Hon. Jesse M. Furman
January 29, 2024
Page 2

decision making." *United States ex rel Alcohol Foundation, Inc. v. Kalmanovitz Charitable Foundation, Inc.*, 186 F. Supp. 2d 458, 465 (S.D.N.Y. 2002), *aff'd*, 53 F. App'x 153 (2d Cir. 2002). However, an analysis of the factors set forth in *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006) demonstrates that sealing of the direct quotes from the Settlement Agreement is warranted in this matter, especially as the Court has already sealed the Settlement Agreement itself.  Generally, documents filed in relation to a motion "are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch*, 435 F.3d 110, 126 (2d Cir. 2006).  This "presumption of access . . . can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id*.

In *Lugosch*, the Second Circuit articulated a three-step process for determining whether documents should be placed under seal. *Id*. at 119-20.  Courts look to:

> 1) whether the presumption of access attaches, which is true of any "judicial document". *Id*. at 119
>
> 2) the weight of the presumption of access. *Id*.
>
> 3) "'balance competing considerations against it.'" *Id*. at 120.

Here, the Court has already agreed to seal the Settlement Agreement.  (Dkt. 10.)  This decision was likely made in light of the Second Circuits' repeated affirmation of "the importance of settlement confidentiality in light of the public interest in promoting settlement. . ." *In re GM LLC Ignition Switch Litig*., 14-MD-2543 (JMF); 14-MC-2543 (JMF), 2016 U.S. Dist. LEXIS 26798, *338, *citing United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 856-57 (2d Cir. 1998).

Moreover, as detailed in Plaintiffs' initial Letter Motion to Seal, the Confirmation of Settlement Agreement has already been filed on the docket which details in broad strokes the terms of the Settlement Agreement without disclosing confidential information.  Moreover, the Settlement Agreement itself contains a Stipulated Judgment (dkt. 9, exh. C) which was intended to be filed publicly and details certain financial terms.  Therefore, the First Amendment concerns here are minimal since the full terms of the Settlement Agreement are "a corollary issue to the main litigation and the fact of which is already public," and therefore, access to the Settlement Agreement, itself, is not necessary to allow public monitoring of the case. *In re GM LLC Ignition Switch Litig*., 2016 U.S. Dist. LEXIS 26798, 336, citing Bernstein, 2016 U.S. App. LEXIS 3233, 2016 WL 730732, at *5.

Accordingly, Amore requests that it be permitted to file minimal portions of its Opposition and my Declaration under seal in compliance with the confidentiality terms of the Settlement Agreement and this Court's Sealing Order.  A proposed order is attached.

Respectfully Submitted,

*/s/ J. M. Gatti*

John M. Gatti
*Counsel for Defendant* That's Amore Movie, LLC

The motion to seal is granted temporarily. The Court will assess whether to keep the document at issue sealed or redacted when resolving the underlying dispute.  The Clerk of Court is directed to terminate ECF No. 20.

SO ORDERED.

*/s/ Jesse M. Furman*

January 30, 2024

238275710.1